**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HERMILO F. MONDRAGON,        )  NO. CV 07-3371-E
                           )
            Plaintiff,    )
                           )
     v.                 )  **MEMORANDUM OPINION**
                           )
MICHAEL J. ASTRUE, COMMISSIONER  )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION, )
                           )
           Defendant.    )
_____)

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

     Plaintiff filed a complaint on June 1, 2007, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on June 13, 2007.  Plaintiff filed a motion for summary judgment on

1  November 27, 2007.  Defendant filed a cross-motion for summary

2  judgment on December 20, 2007.  The Court has taken both motions

3  under submission without oral argument.  See L.R. 7-15; "Order,"

4  filed June 4, 2007.

5

6  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8  Plaintiff asserts disability since June 26, 2002, based

9  primarily on diabetes (Administrative Record ("A.R.") 51-53, 71).  In

10  2004, Plaintiff's treating physician, Dr. Khachatrian, opined

11  Plaintiff was disabled from all employment (A.R. 151-54).   The

12  Administrative Law Judge ("ALJ") rejected Dr. Khachatrian's opinion

13  and found Plaintiff not disabled (A.R. 19-24).   The Appeals Council

14  denied review (A.R. 5-7).

15

16  **STANDARD OF REVIEW**

17

18  Under 42 U.S.C. section 405(g), this Court reviews the

19  Commissioner's decision to determine if: (1) the Commissioner's

20  findings are supported by substantial evidence; and (2) the

21  Commissioner used proper legal standards.  See Swanson v. Secretary,

22  763 F.2d 1061, 1064 (9th Cir. 1985).

23

24  **DISCUSSION**

25

26  A treating physician's conclusions "must be given substantial

27  weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

28  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

2

1   give sufficient weight to the subjective aspects of a doctor's

2   opinion . . .  This is especially true when the opinion is that of a

3   treating physician") (citation omitted).  Even where the treating

4   physician's opinions are contradicted,[1] "if the ALJ wishes to

5   disregard the opinion[s] of the treating physician he . . . must make

6   findings setting forth specific, legitimate reasons for doing so that

7   are based on substantial evidence in the record."  Winans v. Bowen,

8   853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

9   omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may

10  disregard the treating physician's opinion, but only by setting forth

11  specific, legitimate reasons for doing so, and this decision must

12  itself be based on substantial evidence") (citation and quotations

13  omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)

14  ("broad and vague" reasons for rejecting the treating physician's

15  opinions do not suffice).

16

17      In rejecting Dr. Khachatrian's opinion, the ALJ stated: "[a]

18  review of Dr. Khachatrian's treating notes along with the record as a

19  whole, however, reveals that she may have taken the claimant's

20  subjective allegations at face value and merely reiterated those

21  allegations in her report when making her assertion regarding

22  claimant's ability to work" (A.R. 20) (emphasis added).  An ALJ may

23  reject a treating physician's opinion that is predicated on the

24  properly discounted subjective complaints of the claimant.  See Fair

25  v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).  On the present record,

26

27      [1]      Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing" reasons.
28  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
    Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

1  however, the ALJ should have attempted to clarify the basis for

2  Dr. Khachatrian's opinion rather than speculate or infer that the

3  basis "may have" consisted solely of Plaintiff's subjective

4  complaints.  See 20 C.F.R. § 404.1512(e)(1) (the Administration "will

5  seek additional evidence or clarification from your medical source

6  when the report from your medical source contains a conflict or

7  ambiguity that must be resolved, the report does not contain all the

8  necessary information, or does not appear to be based on medically

9  acceptable clinical and laboratory diagnostic techniques"); see

10  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ

11  thought he needed to know the basis of Dr. Hoeflich's opinions in

12  order to evaluate them, he had a duty to conduct an appropriate

13  inquiry, for example, by subpoenaing the physicians or submitting

14  further questions to them.  He could also have continued the hearing

15  to augment the record") (citations omitted); see also Brown v.

16  Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special

17  duty to fully and fairly develop the record and to assure that the

18  claimant's interests are considered").

19

20      When a court reverses an administrative determination, "the

21  proper course, except in rare circumstances, is to remand to the

22  agency for additional investigation or explanation."  INS v. Ventura,

23  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

24  proper where, as here, additional administrative proceedings could

25  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

26  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

27  1496, 1497 (9th Cir. 1984).

28      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

4

1  (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) ("<u>Harman</u>") does not

2  compel a reversal rather than a remand of the present case.  In

3  <u>Harman</u>, the Ninth Circuit stated that improperly rejected medical

4  opinion evidence should be credited and an immediate award of

5  benefits directed where "(1) the ALJ has failed to provide legally

6  sufficient reasons for rejecting such evidence, (2) there are no

7  outstanding issues that must be resolved before a determination of

8  disability can be made, and (3) it is clear from the record that the

9  ALJ would be required to find the claimant disabled were such

10  evidence credited."  <u>Harman</u> at 1178 (citations and quotations

11  omitted).  Assuming, <u>arguendo</u>, the <u>Harman</u> holding survives the

12  Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[2]

13  the <u>Harman</u> holding does not direct reversal of the present case.

14  Here, the ALJ must recontact Dr. Khachatrian concerning "outstanding

15  issues that must be resolved before a determination of disability can

16  be made."  In addition, it is not clear from the record that the ALJ

17  would be required to find Plaintiff disabled for the entire claimed

18  period of disability were Dr. Khachatrian's opinions fully credited.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25                          **CONCLUSION**

26

27        [2]   The Ninth Circuit has continued to apply <u>Harman</u> despite

28  <u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595
    (9th Cir. 2004).

1          For all of the foregoing reasons,[3] Plaintiff's and Defendant's

2    motions for summary judgment are denied and this matter is remanded

3    for further administrative action consistent with this Opinion.

4

5          LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7          DATED:  January 11, 2008.

8

9                         _____/S/_____
                                       CHARLES F. EICK
10                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27     [3]     The Court has not reached any of the other issues raised
    by Plaintiff, except insofar as to determine that Plaintiff's
28   arguments in favor of reversal rather than remand are unpersuasive.